OF THE

## TERRITORY OF ARIZONA

**DURING THE YEAR 1896.**

---

[Civil No. 443. Filed January 11, 1896.]

[43 Pac. 221.]

WILLIAM T. STANFIELD, Plaintiff and Appellant, v.
OLAF M. ANDERSON, Defendant and Appellee.

1. TRIAL—JURY—DIRECTION OF VERDICT—TEST OF RIGHT TO.—In this jurisdiction the court may, in a proper case, direct a verdict; but, to authorize such action, the evidence and the reasonable inferences to be drawn therefrom must be insufficient to support a verdict in favor of the party having the *onus* of proof, so that if such a verdict is returned the court would feel compelled to set it aside.

2. ROADS AND HIGHWAYS — RIGHTS AND DUTIES OF USERS — ORDINARY CARE—NEGLIGENCE — EVIDENCE—DIRECTION OF VERDICT.—The right of a pedestrian and a horseman to use the public highway being equal, and both alike being under reciprocal obligations to exercise ordinary care,—the one to avoid doing injury, the other to avoid being injured,—it is error for the court to direct a verdict for the defendant where the evidence is, that the plaintiff was walking in the highway; that he had just passed over the ground where the road was soft and covered with straw, which deadened the noise of a horseman who rapidly approached from behind, riding at a furious gait, and, without any warning or attempt to turn to either side or check his horse, rode over and seriously injured plaintiff.

3. ORDINARY CARE—DEFINED—NEGLIGENCE—WHAT CONSTITUTES—RELATIVE TO EXISTING CIRCUMSTANCES.—Ordinary care is that degree of precaution which ordinarily prudent persons would exercise under like circumstances. The failure to exercise such care is negligence. Negligence is therefore never absolute or intrinsic, but is always relative to the existing circumstances.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. Owen T. Rouse, Judge. Reversed.

Arizona 5—1

The facts are stated in the opinion.

E. J. Edwards, W. H. Barnes, and J. F. Moriarty, for Appellant.

If there is any evidence, however slight, tending to show negligence, the case should be submitted to the jury; and where the facts are such that from them different minds may reasonably draw different conclusions, the case should be submitted to the jury. Woods on Master and Servant, secs. 76, 82, 84, 85; *Atchison etc. Ry. Co.* v. *Bailey*, 11 Neb. 333, 9 N. W. 50; *Smith* v. *S. C. P. Ry. Co.*, 15 Neb. 583, 19 N. W. 638; *Johnson* v. *M. P. Ry. Co.*, 18 Neb. 690, 26 N. W. 347; *Chicago etc. Ry. Co.* v. *Wymore*, 40 Neb. 645, 58 N. W. 1120; *Nixon* v. *Selby S. Co.*, 102 Cal. 458, 36 Pac. 803.

"The rider or driver of a horse must use ordinary care in its management, and is liable for all damages occasioned by his careless riding or driving." Shearman and Redfield on Negligence, sec. 303.

"If a non-negligent foot-traveler is injured by a runaway horse of a negligent person he may have compensation." *Schienfeld* v. *Norris*, 115 Mass. 17; *Williams* v. *Grealy*, 112 Mass. 97; Bishop on Non-Contract Law, sec. 1148.

If a person knows his horse to be easily frightened, he is bound to provide against sudden starting, as by the intervening act of third persons. *Bigelow* v. *Reed*, 51 Mo. 325.

Cox & Street, for Appellee.

BAKER, C. J.—This is an action brought to recover for very serious injuries sustained by the appellant on February 9, 1894, in being run over in a public highway by a horse ridden by the appellee. The charge in the complaint is, that while the appellant was walking along the public highway the appellee approached him from the rear on horseback, going in the same direction as the appellant, and so carelessly and so negligently rode the horse that appellant was run over, and thrown to the ground, and his leg broken, etc. Upon the trial, and at the close of appellant's case, and without any testimony being offered in behalf of the appellee, the court, upon his motion, directed a verdict for him. This is assigned as error. In this jurisdiction, in a proper case, we think the court may

direct a verdict; but to authorize such action the evidence and reasonable inferences to be drawn therefrom must be insufficient to support a verdict in favor of the party having the *onus* of proof, so that, if such a verdict is returned, the court would feel compelled to set it aside. And in passing upon the whole question the judge ought to inquire, not how he himself would vote as a juror, but, taking the jury as fair-minded men, with their different habits of reasoning and dispositions of judgment, could they reasonably differ upon the question? If they could, no matter how clear the judge is himself upon the question, nor how confident he may be that he could vigorously state and vindicate his impressions, he should send the case to the jury.

Now, the right of a pedestrian and a horseman to use the public highway is equal. They are both alike under reciprocal obligations to exercise ordinary care,—the one to avoid doing injury, the other to avoid being injured. Ordinary care is that degree of precaution which ordinarily prudent persons would exercise under like circumstances. The failure to exercise such care is negligence. Negligence is therefore never absolute or intrinsic, but is always relative to the existing circumstances. In this case the evidence is, that appellant was walking in the highway; that just prior to the accident he had passed over ground where the road was soft, and covered with straw, which subdued or deadened the noise of a rapidly approaching horseman; that appellee approached him from behind, riding at a furious gait, and, without any shout of warning or attempt to turn to either side or to check the horse, rode over appellant. He offers no explanation of his conduct. If the horse had escaped his control, and was running away, which is not shown by the evidence, he did not offer to explain that it was without his fault. It is a case where a horseman rides a pedestrian down from behind in the public highway, at a place where his approach was muffled by the condition of the road, and does not consider the circumstance of sufficient moment to require any explanation when called upon to respond in damages. The judge erred in directing a verdict.

The judgment is reversed and a new trial ordered.

Hawkins, J., and Bethune, J., concur.